# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT HANKINS,  )
  )
      Plaintiff, )
   v. ) Case No. 1:09-cv-182-SJM-SPB
  )
COMMONWEALTH OF )
PENNSYLVANIA, *et al.*, )
  )
      Defendants. )

## **MEMORANDUM ORDER**

Plaintiff's civil rights complaint was received by the Clerk of Court on July 20, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The original complaint named as Defendants (i) the Commonwealth of Pennsylvania and approximately thirty-three (33) different individuals employed by the Pennsylvania Department of Corrections; (ii) some fourteen (14) individuals employed by Fayette County, including public defenders, assistant district attorneys, and Fayette County Jail officials; (iii) Timmie Burnsworth, LPN, a nurse at the Fayette County Jail; (iv) Gloria Poindexter and Rhonda Sherbine, both Health Services employees under contract to provide medical services to inmates at SCI-Forest; (v) Mayor James R. Sileo; and (vi) Gregory Packaging, Inc..

On October 22, 2009, Plaintiff filed an Amended Complaint [64], adding as Defendants Judge Steven P. Leskinen, Edward Fike, and Tom Corbett. The Amended Complaint consists of 32 pages and 112 paragraphs of disjointed allegations from which the Magistrate Judge construed some twenty-two (22) separate claims for relief.

The Magistrate Judge's Report and Recommendation, filed on July 29, 2010 [115], recommends that:

1. The Commonwealth Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Motion for Summary Judgment [77] be granted in part and denied in part;

2. The Fayette County Defendants' Motion to Dismiss [79] be granted in part and denied in part;

3. Defendant Burnsworth's Motion to Dismiss [84] be granted;

4. The Motion to Dismiss filed on behalf of Defendants Poindexter and Sherbine [100] be granted; and

5. Defendant Gregory Packaging's Motion to Dismiss [103] be granted.

The parties were allowed fourteen (14) days from the date of service in which to file objections. Plaintiff filed a Motion Seeking Amendment of Complaint [117][1] on August 16, 2010 and objections to the Report and Recommendation [118] on August 18, 2010.

After de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the Court is prepared to adopt the Report and Recommendation except insofar as it relates to the following:

a.) Plaintiff has asserted an Eighth Amendment claim against Defendants Chapman, Medlock, Croftcheck, and Waligura arising from his placement in a cell at the Fayette County Jail with an inmate "with mental health problems" who "had feces and

---

[1] Plaintiff's motion for leave to further amend his First Amended Complaint contains no language or exhibits that would illustrate to the Court the manner in which he would propose to amend his allegations. Instead, it contains only boilerplate, conclusory assertions that various causes of action should not be dismissed because they can be corrected through the amendment process. Nevertheless, to the extent Plaintiff's objections and/or briefs in opposition to the various pending motions shed light on what his proposed amendments would consist of, I have taken that information into consideration. To the extent Plaintiff's claims are being dismissed without leave for further amendment, I find that further amendment would not save the proposed claims and/or would be inequitable under the circumstances.

urine throughout his assigned cell." (See Amended Complaint [64] at ¶¶ 5-7; Report and Recommendation [115] at pp. 5 (¶ 3), 18-19.) Although the Magistrate Judge recommended dismissing this claim, I find that the factual allegations are arguably sufficient to state a cause of action under 42 U.S.C. § 1983 at this juncture and that the legal viability of the claim is better judged at the Rule 56 stage, following a period of discovery. Accordingly, I will deny the Defendants' motion to dismiss insofar as it relates to this claim.

      b.) Plaintiff has asserted an Eighth Amendment claim against these same Defendants relative to conditions in the Fayette County Jail's Special Housing Unit. (*See* Amended Complaint at ¶¶ 66-70, 72-78, 81-91, 100-105; Report and Recommendation at pp. 7 (¶ 21), 20-22.) Here again, I find that the sufficiency of Plaintiff's claim is better judged at the Rule 56 stage, following completion of discovery. Therefore, I will decline to adopt the Magistrate Judge's recommendation to dismiss this claim.

      c.) Plaintiff has asserted an Eighth Amendment violation based on allegations that he was placed in a cell at the Fayette County Jail, on or about January 3, 2008, which had "glass all over the bed frame, and exposed live electrical wires." (Amended Complaint ¶¶ 13-15; Report and Recommendation at pp. 5 (¶ 5), 19-20.) Although the Magistrate Judge found that Plaintiff had failed to allege misconduct on the part of any named Defendants, it seems that his claim in this regard is directed at the Fayette County Jail Defendants and Plaintiff has objected that, if permitted to engage in discovery, he could specify the names of the parties responsible for placing him in the cell. At this early juncture, the Court will construe the claim as being directed against the named Fayette County Jail Defendants and/or other "John Doe"-type Defendants as yet unknown and will permit the Plaintiff to attempt to further develop the claim through discovery.

d.) Plaintiff has asserted an Eighth Amendment claim against Defendant Burnsworth based on his alleged deliberate indifference to the Plaintiff's serious medical needs following an incident on February 6, 2008 in which Defendants Brownfield, Barker, Dunkard, and Matthews "electrified" him, using a stun belt. (Amended Complaint ¶ 21; Report and Recommendation at pp. 5 (¶ 4) and 23-24.) The Magistrate Judge felt that Plaintiff's allegations were insufficient to allege liability on the part of Burnsworth. Because I find Plaintiff's allegations, liberally construed, to be minimally sufficient to survive the Rule 12(b)(6) stage, I will permit this particular claim against Burnsworth to proceed.

e.) Plaintiff has asserted an Eighth Amendment claim against Defendants Zullinger, Gordon, Heberling, Sobina, Heaster, J. Shaffer, Dittman, Skunda, Kennedy, Reisinger, and Beard for alleged deliberate indifference to the Plaintiff's health and safety based upon conditions related to the food served at SCI-Forest. (Amended Complaint ¶¶ 43-49; Report and Recommendation at pp. 6 (¶ 13) and 27-28.) The Magistrate Judge recommends dismissal of this claim for lack of specificity showing that the named Defendants played an affirmative part in the alleged misconduct. Here again I find the Plaintiff's allegations to be minimally sufficient at this early stage of the proceedings to permit an inference as to the Defendants' respective personal involvement and deliberate indifference to Plaintiff's health and safety.[2]

As to each of the foregoing claims, Defendants are in no way precluded from asserting their entitlement to summary judgment at the Rule 56 stage, if appropriate.

f.) Pursuant to the Prison Litigation Reform Act, 28 U.S.C.A. § 1915A, the Magistrate Judge further made the *sua sponte* recommendation that three Defendants – Mayor James R. Sileo, Judge Steven P. Leskinen, and Edward Fike – be dismissed

---

[2] To the extent Plaintiff has asserted this claim against Gregory Packaging, Inc., I agree with the Magistrate Judge's determination that the claim is not legally viable. Accordingly, the claim against Gregory Packaging will be dismissed.

from the case inasmuch as they have never been served in this case and no attorney has ever entered an appearance on their behalf. As a litigant proceeding *in forma pauperis*, Plaintiff is not responsible for the service of process; rather 28 U.S.C. § 1915(d) directs that "[t]he officers of the court shall issue and serve all process." *See Crock v. Astrue*, 332 Fed. Appx. 777, 778 (3d Cir. June 8, 2009) (citing *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996)).

The Magistrate Judge did enter an order [8] on August 26, 2009 directing the U.S. Marshal to make service and directing the Plaintiff to submit to the Marshal a properly completed USM-285 form as to each of the Defendants named in the *original* complaint. On October 29, 2009, the Marshal filed a Notice of Inability to Effectuate Service [65] upon the Defendant identified in the original complaint as "John Doe (Mayor), 22 N. Gallatin Ave, Uniontown, PA 15401." However, the Marshal was never ordered to make personal service on that Defendant.

In the meantime, Plaintiff had filed his Amended Complaint [64] on October 22, 2009, specifically identifying this "John Doe" Defendant as James R. Sileo and adding, for the first time, Leskinen and Fike as named Defendants. No order was ever entered directing the Marshall to make service relative to Sileo, Leskinen and Fike. It may well be that these circumstances constitute "good cause" for an extension of time for service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See Caterbone v. Lancaster County Prison*, 293 Fed. Appx. 867, 871 (3d Cir. Sept. 30, 2008) (finding that district court improperly dismissed *in forma pauperis* litigant's lawsuit for failure to serve process; once plaintiff filed his amended complaint, the District Court was obligated under Fed. R. Civ. P. 4(c)(3) to appoint a United States marshal to effect service).

Under the circumstances of this case, I will decline to adopt the portion of the Report and Recommendation calling for a dismissal of Defendants Sileo, Leskinen and Fike. In lieu of dismissal, I will allow additional time for service and will direct the Magistrate Judge to enter an order directing that the U.S. Marshal make service of the

Amended Complaint upon these three Defendants.

In all other respects, I find the Plaintiff's objections to be without merit. Accordingly, the following order is entered:

AND NOW, *to wit*, this 7th day of September, 2010, based upon the foregoing reasons, IT IS ORDERED that:

1. The Commonwealth Defendants' Motion to Dismiss Amended Complaint, or in the Alternative, Motion for Summary Judgment [77] be, and hereby is, GRANTED in part and DENIED in part, as follows:

    a. The motion is DENIED with regard to Plaintiff's Eighth Amendment claim against Defendants Kennedy, Sobina, Watson, Beard, and Woodard arising from the alleged stoppage of Plaintiff's medically prescribed/ recommended toothpaste;

    b. The motion is DENIED with regard to Plaintiff's Fourteenth Amendment due process claim challenging the manner in which Plaintiff's disciplinary hearings were conducted insofar as those claims are directed against Defendants Joseph D., Weaver, Kerns-Barr, Mark, Moslak, Cross, Andrade, and McKissock;

    c. The motion is DENIED with respect to Plaintiff's retaliation claim against Defendants Best and McKnight regarding their alleged denial of toiletries to, and verbal harassment of, Plaintiff;

    d. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against Defendants Zullinger, Gordon, Heberling, Sobina, Heaster, J. Shaffer, Dittman, Skunda, Kennedy, Reisinger, and Beard for alleged deliberate indifference to his health and safety relative to the food that was served at SCI-Forest; and

    e. The motion is GRANTED in all other respects.

2. The Fayette County Defendants' Motion to Dismiss [79] be, and hereby is, GRANTED in part and DENIED in part, as follows:

a. The motion is DENIED with respect to Plaintiff's First Amendment free exercise of religion claim against Defendants Chapman, Medlock, Croftcheck, and Waligura;

   b. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against Defendants Brownfield, Barker, Dunkard, and Matthews for excessive force arising from their alleged activation of a "stun belt" on Plaintiff;

   c. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against Defendants Chapman, Medlock, Croftcheck, and Waligura for deliberate indifference to Plaintiff's health and safety arising from his alleged placement in a cell with an inmate "with mental health problems" who "had feces and urine throughout his assigned cell";

   d. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against the Fayette County Jail Defendants arising from Plaintiff's alleged placement in a cell, on or about January 3, 2008, with "glass all over the bed frame, and exposed live electrical wires";

   e. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against Defendants Chapman, Croftcheck, Medlock, and Waligura relative to the conditions in the Fayette County Jail's Special Housing Unit ("SHU"); and

   f. The motion is GRANTED in all other respects.

3. Defendant Burnsworth's Motion to Dismiss [84] be, and hereby is, GRANTED in part and DENIED in part as follows:

   a. The motion is DENIED with respect to Plaintiff's Eighth Amendment claim against Defendant Burnsworth for deliberate indifference to his serious medical needs following an incident on February 6, 2008 in which he was allegedly "electrified" by use of a stun belt; and

   b. The motion is GRANTED in all other respects.

4. The Motion to Dismiss filed on behalf of Defendants Poindexter and Sherbine [100] be, and hereby is, GRANTED, and those Defendants are dismissed from this case; and

> 5. Defendant Gregory Packaging's Motion to Dismiss [103] be, and hereby is, GRANTED and that Defendant is dismissed from this case.

By virtue of the foregoing, IT IS FURTHER ORDERED that the following Defendants be terminated from this case, either because there are no longer any claims pending against them or because they are not identified anywhere in the body of the Amended Complaint: the Commonwealth of Pennsylvania, E.P. Bush, Yates, Michael Barone, Kurt Grandlund, Jolene B., Pamela Sutton, John Ames, Whitehead, Joan Delie, Gloria Poindexter, Rhonda Sherbine, Mike Zavada (incorrectly identified by Plaintiff as "Lt. Salvoda"), Thomas W. Shaffer, Esq., Jeffrey W. Whiteko, Esq., Michael J. Garofalo, Esq., Michelle Kelley, Esq., Eugene Grimm, Esq., Miller, S. Satterlee, Huapt, Lt. Younkin, Gregory and Packing, Inc. and Tom Corbett.

IT IS FURTHER ORDERED that the Defendant's Motion [117] to Amend/ Correct Complaint is DENIED relative to the claims being dismissed herein.

IT IS FURTHER ORDERED with respect to Defendants Sileo, Leskinen and Fike that the Plaintiff shall have an additional sixty (60) days in which to make service of process and that the Magistrate Judge shall enter an order directing the Marshal to make service upon the foregoing Defendants.

The report and recommendation of Magistrate Judge Baxter dated July 29, 2010 [115] is adopted as the opinion of this Court to the extent set forth herein.

                                            s/ Sean J. McLaughlin

                                            SEAN J. McLAUGHLIN
                                            United States District Judge

cm:    all parties of record.
        U.S. Magistrate Judge Susan Paradise Baxter