IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT HANKINS,                )
      Plaintiff,                      )  C.A. No. 09-182 Erie
                                              )
vs.                                          )
                                              )  District Judge McLaughlin
COMMONWEALTH OF          )  Magistrate Judge Baxter
PENNSYLVANIA, et al.,         )
      Defendants.                 )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants Mayor James E. Sileo, Judge Steven P. Leskinen, and Edward Fike, be dismissed from this case due to Plaintiff's failure to prosecute.

## II. REPORT

### A. Relevant Procedural History

Plaintiff Robert Hankins, an individual incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed this civil rights action on July 20, 2009. On July 29, 2010, this Court issued a Report and Recommendation ("R&R") recommending, *inter alia* that Defendants Mayor James E. Sileo ("Sileo"), Judge Steven P. Leskinen ("Leskinen"), and Edward Fike ("Fike"), be dismissed from this case due to Plaintiff's failure to serve them within 120 days of the filing of his Amended Complaint, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. [ECF No. 115].

Upon consideration of Plaintiff's objections to this Court's R&R [ECF No. 118], District Judge Sean J. McLaughlin issued a Memorandum Order on September 7, 2010, that, among other things, granted Plaintiff an additional sixty (60) days in which to make service upon Defendants Sileo, Leskinen and Fike. [ECF No. 119]. In accordance with Judge McLaughlin's

Order, this Court issued an Order directing the U.S. Marshal to effectuate service upon said Defendants upon receipt of proper service instructions from Plaintiff. [ECF No. 123]. On December 22, 2010, this Court received a letter from the U.S. Marshal stating that no service instructions had been received from Plaintiff. [ECF No. 124]. As a result, this Court issued a Show Cause Order, dated January 3, 2011, requiring Plaintiff to provide the Marshal Service with the necessary service instructions that would allow the Marshal to serve Defendants Sileo, Leskinen, and Fike with the Amended Complaint, on or before January 24, 2011. [ECF No. 125]. Upon Plaintiff's written request, this Court issued a text Order on February 8, 2011, granting Plaintiff an extension until February 28, 2011, to provide the service instructions to the U.S. Marshal.

On April 27, 2011, this Court received another letter from the U.S. Marshal stating that no directions for service of Defendants Sileo, Leskinen and Fike had been received from Plaintiff. [ECF No. 133].

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of Defendants Sileo, Leskinen, and Fike from this case. For the last several months, Plaintiff

2

has taken none of the necessary steps to prosecute this case against said Defendants. Further, Plaintiff has ignored multiple Orders of this Court that expressly stated his case would be dismissed against said Defendants for failure to prosecute if he did not comply. Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants Sileo, Leskinen, and Fike be dismissed from this case due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 31, 2011
cc:   The Honorable Sean J. McLaughlin
       United States District Judge