IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANKINS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:09-cv-182-SJM-SPB |
| | ) |
| v. | ) |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM JUDGMENT ORDER**

Plaintiff's complaint in this civil rights action was received by the Clerk of Court on July 20, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

After extensive pretrial proceedings, the Magistrate Judge has issued a Report and Recommendation, dated on November 30, 2011 [182], in which she recommends that: (1) Defendant Burnsworth's Motion for Summary Judgment [139] be granted; (2) the Commonwealth Defendants' Motion for Summary Judgment [142] be granted in part and denied in part; and (3) the Fayette County Defendants' Motion for Summary Judgment [144] be denied insofar as it is based on Plaintiff's failure to exhaust administrative remedies, but otherwise granted on the merits of Plaintiff's claims.

The parties were given fourteen (14) days within which to file their objections, if any, to the Report and Recommendation and an additional extension of time thereafter. Plaintiff filed his objections [184] on December 19, 2011.

After <u>de novo</u> review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the Court is

prepared to adopt the Report and Recommendation, except with respect to part II.(D)(3)(d) at pages 26-29 of the R&R, pertaining to Plaintiff's Eighth Amendment claim against Fayette County Defendants Brownfield, Barker, Dunkard, and Matthews premised upon their allegedly unconstitutional application of excessive force in connection with the use of a "stun belt" on or about February 6, 2008.  As to this particular claim, the Court finds that there are disputed issues of material fact relative to whether the force was applied in a good-faith effort to maintain or restore discipline, as Defendants claim, or whether it was applied maliciously in order to cause harm, as the Plaintiff claims.  At the same time, however, the only Defendants who appear to be implicated in the use of the stun belt are Defendant Barker, who activated the stun belt, and Defendant Brownfield, who ordered the belt to be activated by Barker.  Construing Plaintiff's objections and the summary judgment record most favorably to Plaintiff, the Court finds no disputed issue of material fact sufficient to establish liability on the part of Defendants Dunkard and Matthews, who were present at the time of the incident but would have had no meaningful opportunity to intervene with regard to the application of the allegedly excessive force.  Accordingly, summary judgment will be denied as to Plaintiff's Eighth Amendment excessive force claim insofar as it is asserted against Defendants Barker and Brownfield.

     Apart from the foregoing caveat, the Court finds that Plaintiff's objections are otherwise lacking in merit.  Accordingly, the following order is entered:

AND NOW, this 22nd Day of December, 2011, IT IS ORDERED THAT:

1. The motion for summary judgment [139] filed by Defendant Burnsworth shall be, and hereby is, GRANTED.  Accordingly, JUDGMENT shall be, and hereby is, entered in favor of Defendant Timmie Burnsworth and against Plaintiff Robert Hankins as to Plaintiff's Eighth Amendment claim premised upon her alleged deliberate indifference to his serious medical needs.

2. The motion for summary judgment [142] filed by the Commonwealth Defendants shall be, and hereby is, DENIED insofar as it relates to Plaintiff's First Amendment retaliation claim against Defendant McKnight.  As to all other remaining claims against the Commonwealth Defendants, said motion shall be GRANTED and JUDGMENT shall be, and hereby is, entered in favor of the Commonwealth Defendants and against Plaintiff Robert Hankins.

3. The motion for summary judgment [144] filed by the Fayette County Defendants shall be, and hereby is, DENIED insofar as it is based on Plaintiff's failure to exhaust administrative remedies.  In addition, said motion is DENIED insofar as it relates to Plaintiff's Eighth Amendment excessive force claim against Defendants Barker and Brownfield premised upon their use of a stun belt.  As to all other remaining claims against the Fayette County Defendants, said motion shall be GRANTED and JUDGMENT shall be, and hereby is, entered in favor of the Fayette County Defendants and against Plaintiff Robert Hankins.

The Report and Recommendation of Magistrate Judge Baxter, filed on November 30, 2011 [182], is adopted as the opinion of this Court to the extent set forth herein.

              s/   <u>Sean J. McLaughlin</u>

              SEAN J. McLAUGHLIN
              United States District Judge

cm:    All parties of record

       U.S. Magistrate Judge Susan Paradise Baxter